UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES DAVID PURTLEBAUGH, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-cv-01003-TWP-MPB |
| RON SMITH, INDIANAPOLIS COUNSELING CENTER, | ) |
| Defendants. | ) |

**Entry Dismissing Complaint for Lack of Jurisdiction and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

Plaintiff James David Purtlebaugh, Sr., filed this civil action alleging that Ron Smith and the Indianapolis Counseling Center breached a contract. Specifically, Mr. Smith alleges that in November of 2016, he was discharged from his "SOMM" group because he missed too many classes. Mr. Purtlebaugh disagrees with this finding and alleges that his discharge was in breach of a contract he signed with the Indianapolis Counseling Center.

## III.

Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (*quoting Ex parte*

*McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and the complaint is dismissed for lack of jurisdiction.

### IV.

The plaintiff shall have **through May 12, 2017,** in which to show cause why judgment consistent with this Entry should not issue.

Date: 4/14/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES DAVID PURTLEBAUGH, SR.
DOC 851932
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362